# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                                                 **CR. No.  15-4265 JCH**

**MATTHEW DALE SAMPLE,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Matthew Sample's Motion for Stay of Further Criminal Proceedings Until Decision of the United States Supreme Court on the Petition for Certiorari which will be Timely Filed, and to Modify Conditions of Release (ECF No. 80). In Paragraph 14 of his motion, Sample seeks a modification of the conditions of release to allow him to continue to make restitution to the victims in this case through the Clerk of the Court. The Government does not oppose the relief requested in Paragraph 14. The Government opposes Defendant's request to stay his resentencing hearing until the United States Supreme Court rules on whether to grant certiorari in this case. The Court, having considered the motion, briefs, record, applicable law, and otherwise being fully advised, concludes that the motion should be granted as to the request for relief in Paragraph 14, but denied as to the request for stay.

## I.      PROCEDURAL BACKGROUND

This Court entered its Judgment imposing a five-year term of probation, among other conditions, including a requirement to maintain gainful employment and pay restitution to Sample's victims. *See* Judgment 3-7, ECF No. 54. On August 27, 2018, the United States Court of Appeals entered its opinion vacating the sentence this Court imposed. *United States v. Sample*,

901 F.3d 1196, 1201 (2018). The Tenth Circuit concluded that this Court imposed an unreasonably lenient sentence by its "reliance on Sample's salary as overriding all other sentencing considerations," which "exceeded the bounds of permissible choice." *Id.* at 1200. The Tenth Circuit vacated Sample's sentence and remanded for resentencing. *Id.* at 1201.

On September 10, 2018, Defendant filed a Petition for Reconsideration before the Tenth Circuit, which the Tenth Circuit denied. On September 20, 2018, Defendant filed a "Motion for Stay of Mandate" under Federal Rule of Appellate Procedure 41(d)(2)(A) to "stay the mandate pending the filing of a petition for writ of certiorari in the United States Supreme Court." The Tenth Circuit on September 21, 2018, denied the motion to stay his resentencing in a two-sentence Order. On September 24, 2018, the Tenth Circuit issued its mandate in this case (ECF No. 77).

Shortly thereafter, this Court set a resentencing hearing date for January 10, 2019. On November 28, 2018, Defendant moved to stay proceedings in this case until the United States Supreme Court decides whether to grant certiorari. Defendant filed his Petition for a Writ of Certiorari (the "Petition") on December 17, 2018, on the question of "[w]hether a district court may reduce a prison sentence, or impose a probationary term in lieu of imprisonment, to enable a defendant to earn income to pay restitution to his victims." Def.'s Ex. A, ECF No. 82-1.

## II.    LEGAL ANALYSIS

The Government argues this Court lacks jurisdiction to grant the motion under 28 U.S.C. § 2101(f). Section 2101(f) provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. *The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court*…

28 U.S.C. § 2101(f) (italics added). According to the Government, this section only allows an appellate court or justice of the Supreme Court to stay an appellate court's final judgment or decree, divesting this Court of jurisdiction to entertain Defendant's request.

The majority of courts to have addressed this issue have concluded that Section 2101(f) does not permit a district court to stay a circuit court's final judgment or decree pending resolution on a petition for certiorari. *See In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982) ("It appears, therefore, that only a judge of this Court, or a justice of the Supreme Court, is empowered by 28 U.S.C. Section 2101(f) to stay the execution or enforcement of this Court's judgment."); *United States v. Lentz*, 352 F.Supp.2d 718, 725 (E.D. Va. 2005) ("To begin with, 28 U.S.C. § 2101(f) makes clear that only an appellate court or a justice of the Supreme Court has jurisdiction to stay an appellate court's final judgment pending Supreme Court review of a certiorari petition."); *United States v. Wittig*, 2008 WL 5119986, at *2 (citing cases); *Brinkman v. Department of Corrections of State of Kan.*, 857 F.Supp. 775, 777 (D.Kan. 1994) ("Recent authority uniformly holds that only the court of appeals or a justice of the Supreme Court can stay the execution or enforcement of the court of appeals' judgment.") (citing cases).

In this case, the Tenth Circuit issued a decision holding that this Court's previous sentence was unreasonable and remanded for resentencing. That ruling arguably, however, was not a "final judgment or decree" because it did not end the case and required further proceedings. *See Lentz*, 352 F.Supp.2d at 726 n.18 ("Worth noting is that it might be argued that the Fourth Circuit's decision is not a 'final judgment or decree' as it does not end the case."); *Citibank, N.A. v. Stok & Assocs., P.A.*, CASE NO. 09-20770-MC-SEITZ/O'SULLIVAN, 2010 WL 11553382, at *1 n.1 (S.D. Fla. Dec. 15, 2010) (explaining that reliance on § 2101(f) was misplaced because court of appeals did not require entry of a final judgment). Some courts have nevertheless found little

reason to distinguish a final decision on a case-dispositive issue from an appellate ruling that ends the matter. *See Lentz*, 352 F.Supp.2d at 726 & n.18 (finding that § 2101(f) applied to Fourth Circuit's ruling overturning the district court's judgment of acquittal because it was its "final judgment or decree" with respect to judgment of acquittal).

The Government alternatively argues that the "mandate rule" compels denying Defendant's request for a stay. The "mandate rule" states "that a district court must comply strictly with the mandate rendered by the reviewing court." *Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1132 (10th Cir. 2001). The mandate rule is not jurisdictional. *Id.* at 1133. Defendant argues, however, that the Tenth Circuit's mandate required resentencing, but did not impose any timetable for that resentencing. Defendant also contends that a district court has the power to stay proceedings generally and control its docket.

The Court agrees with Defendant that it has discretion in controlling its docket and scheduling the resentencing. *See Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015). For example, although the Eighth Circuit concluded in *In re Stumes* that the district court could not rely on Section 2101(f) to issue a stay, it nevertheless refused to issue relief by mandamus to review the district court's stay under the circumstances because the circuit's opinion did not direct the district court to issue a writ of habeas corpus unconditionally; rather, the order ordered the discharge of petitioner from custody unless the State commenced proceedings to try him again within such reasonable time as the court may fix. *See In re Stumes*, 681 F.2d at 525. The Eighth Circuit concluded that the district court's stay of proceedings did no more than hold that the reasonable time for retrial should be determined with the pending writ of certiorari in mind. *Id. See also Harte v. Board of Commissioners of Johnson County, KS*, 2017 WL 4697506, at *3 (D. Kan. Oct. 19, 2017) ("Regardless of whether § 2101(f) or the mandate rule precludes the court

from granting a stay pending defendants' certiorari petition, the court agrees with the defendants that the court, without deviating from the Circuit's mandate, has the inherent authority to manage its trial docket and to schedule the trial of this case at its discretion—even if that trial setting occurred after resolution of the defendants' anticipated certiorari petition.").

At this stage, however, Defendant has not moved to continue his resentencing on any other basis than the pending Petition. That specific issue is not before the Court on a clean slate. The Tenth Circuit has already denied a request to stay the execution of its decision pending resolution of the Petition. In *Lentz*, the district court persuasively reasoned why, in accordance with the spirit of the mandate rule, a district court should not stay proceedings pending resolution of a petition for certiorari after the circuit court has already denied the same request:

> [A] stay of this case pending filing of Lentz's *certiorari* petition would violate the "mandate rule," as it would contravene the spirit of the Fourth Circuit's mandate in this case. Significantly, Lentz already requested that the Fourth Circuit stay its mandate pending the filing of his *certiorari* petition, which request was denied. In doing so, the Fourth Circuit, which is well-placed to determine whether the Supreme Court is likely to grant a *certiorari* petition, has already carefully considered Lentz's arguments for a stay and rejected them. While the grant of a stay by the district court in this case would not squarely contradict the letter of the Fourth Circuit's mandate remanding the case for further proceedings, it would clearly violate the mandate's spirit. Put differently, for this Court to grant the stay requested would permit Lentz to obtain in the district court that which the Fourth Circuit explicitly refused. Such a decision would plainly fall within the proscriptions of the mandate rule by revisiting an implied ruling of the circuit court on appeal, namely that Lentz had not demonstrated, as required by Rule 41(d)(2), Fed. R.App. P, both that his *certiorari* petition presented a substantial question and that there was good cause for a stay.

*Lentz*, 352 F.Supp.2d at 727-28 (internal footnotes omitted).

For the foregoing reasons, even assuming the mandate does not constitute a "final judgment or decree" or § 2101(f) does not convey exclusive jurisdiction, such that this Court has jurisdiction to consider the request for stay, the spirit of the "mandate rule" and the Tenth Circuit's consideration and denial of the same request for a stay compel this Court to deny the stay. *Compare*

*United States v. Hsia*, 208 F.Supp.2d 1, 1-2 (D.D.C. 2002) (denying motion to stay sentence pending resolution of Supreme Court petition because it was unlikely Supreme Court would grant certiorari in any one case and court of appeals already denied similar request by defendant), *with Black v. Veatch Corp. v. Aspen Insurance (UK) Ltd.*, 2018 WL 2020543 (D. Kan. May 1, 2018) (explaining that entering scheduling order for submission of new cross-motions for summary judgment that accounts for pendency of petition for writ of certiorari did not contravene Tenth Circuit's mandate or § 2101(f)).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Stay of Further Criminal Proceedings Until Decision of the United States Supreme Court on the Petition for Certiorari which will be Timely Filed, and to Modify Conditions of Release (**ECF No. 80**) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Court **GRANTS** the unopposed request for relief set forth in Paragraph 14 of his motion. The parties should submit a stipulated order regarding the modification of the conditions of release to allow Sample to continue to make restitution to the victims in this case through the Clerk of the Court.

2. The Court **DENIES** the request for stay of proceedings pending resolution of the Petition.

_____
**UNITED STATES DISTRICT JUDGE**